UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
GURJEET SINGH,                                             :
                                                           :
                                                           :
                              Petitioner,                  :
                                                           :                26-CV-5202 (VSB)
                  -against-                                :
                                                           :                  **ORDER**
                                                           :
IMMIGRATION AND CUSTOMS                                    :
ENFORCEMENT, *et al.*,                                     :
                                                           :
                              Respondents.  :
                                                           :
----------------------------------------------------------- X

<u>VERNON S. BRODERICK</u>, United States District Judge:

I am in receipt of Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2241, which was filed on June 19, 2026 at 11:43 p.m. ET.  (Doc. 1 ("Habeas Petition")).  At the time of his filing, Petitioner states that was "held at the New York City Holding Room within the New York City Immigration and Customs Enforcement Field Office located at 26 Federal Plaza, New York, NY 10278."  (*Id.* ¶ 30.)  On June 20, 2026, Judge Peter Kevin Castel, acting as the Part I Judge, issued an order enjoining Respondents from removing Petitioner from the Southern District of New York and requesting that Respondents show cause at a hearing on June 24, 2026. (Doc. 6.)  As this case is now assigned to me, it is hereby ORDERED that:

1. To preserve the Court's jurisdiction pending a ruling on the petition, Petitioner shall not be removed from the United States unless and until the Court orders otherwise.[1]

---

[1] *See, e.g.*, *Loc. 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1237 (2d Cir. 1992) ("Once the district court acquires jurisdiction over the subject matter of, and the parties to, the litigation, the All Writs Act [28 U.S.C. § 1651] authorizes a federal court to protect that jurisdiction." (internal quotation marks omitted)); *Garcia-Izquierdo v. Gartner*, No. 04-CV-7377, 2004 WL 2093515, at *2 (S.D.N.Y. Sept. 17, 2004) (observing that, under the All Writs Act, 28 U.S.C. § 1651, a district court "may order that a petitioner's deportation be stayed . . . when a stay is necessary to preserve the Court's jurisdiction of the case"); *Khalil v. Joyce*, No. 25-CV-1935 (S.D.N.Y. Mar. 10, 2025) (Doc. 9) (barring the government from removing petitioner from the United States until the Court could address his claim); *Kuprashvili v. Flanagan*, No. 25-CV-5268, 2025 WL

2. As Judge Castel already established in his prior order, Petitioner shall not be transferred outside of this District absent further order of this court in light of Petitioner's interest in participating in further proceedings before this Court and maintaining adequate access to legal counsel through these proceedings.[2]

3. Respondents shall file a letter by **June 23, 2026**, indicating:  (1) under what statutory provision Petitioner is being detained; (2) whether Petitioner was located in the Southern District of New York at the time that the Petition was filed, as Petitioner alleges; and (3) whether this case is distinguishable from my decisions in *Sidqui v. Almodovar*, No. 25-CV-9349, 2026 WL 251929 (S.D.N.Y. Jan. 30, 2026), *Han v. Noem*, No. 25-CV-1075, 2026 WL 322963 (S.D.N.Y. Feb. 6, 2026), and the Second Circuit's decision in *Cunha v. Freden*, 175 F.4th 61, 70 (2d Cir. 2026), which held that 8 U.S.C. § 1226(a), or the discretionary detention statute, applies to noncitizens currently present in the country with pending immigration cases rather than the mandatory detention statute of 8 U.S.C. § 1225(b).

4. The current hearing scheduled for June 24, 2026 at 2 p.m., (Doc. 6), is converted to an initial telephonic case conference to discuss venue and the statutory provision under which Petitioner is being held under.  The parties shall attend this initial telephonic case conference on **Wednesday, June 24, 2026 at 2 p.m. ET**.  The dial-in number is 1-855-244-8681 and the access code is 2309 3085 835.  There is no attendee ID.

5. Respondents shall show cause, pursuant to 28 U.S.C. § 2243, why the Petition for Writ of Habeas Corpus should not be granted by **June 30, 2026**.

6. Petitioner shall have the opportunity to file a reply by **July 6, 2026**.

7. By **June 23, 2026**, Petitioner is directed to serve Respondents with a copy of the Habeas Petition and accompanying papers, along with a copy of this Order and promptly file proof of such service on the docket.  In the meantime, the Habeas Petition and this Order will be emailed to the Civil Division of the U.S. Attorney's Office for the Southern District of New York at the following email address: Jeffrey.Oestericher@usdoj.gov.

SO ORDERED.

Dated:      June 22, 2026
            New York, New York

---

2382059, at *1 (S.D.N.Y. June 30, 2025) (collecting cases staying removal to preserve the court's jurisdiction).

[2] *See Samb v. Joyce*, No. 25-CV-6373 (S.D.N.Y. Aug. 4, 2025) (Doc. 3) (collecting cases in support of enjoining transfer of petitioner outside of New York City area).

Vernon S. Broderick
United States District Judge

3